(C.D. 3273)

ALLIED CHEMICAL CORP.
AD M. SCHMID & COMPANY  } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 1, 1968)

*Barnes, Richardson & Colburn* for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

FORD, Judge: The above case has been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the merchandise covered by the subject entry and protest, and assessed with duty at the rate of 45% ad valorem under Item 680.48, consist of parts of speed changers, which are variable ratio speed changers, each ratio of which is selected by manual manipulation.

2. That said protest was filed under Sec. 514 of the Tariff Act of 1930 within 60 days after liquidation of said entry, and was pending before this Court for decision on June 29, 1967, the effective date of Public Law 90–36, approved June 29, 1967, which amended and extended Public Law 89–241, approved October 7, 1965.

3. That said merchandise was entered after August 31, 1963 and before December 7, 1965.

4. That before September 30, 1967, a request was filed with the Regional Commissioner of Customs at New York, the port of entry, for

reliquidation and assessment of duty at the rate of 9% under Item 680.45, by virtue of Sec. 51 of said Public Law 89–241.

IT IS FURTHER STIPULATED AND AGREED that the subject protest be submitted on this stipulation, the same being limited to the merchandise assessed under said Item 680.48.

Accepting the stipulation we find that plaintiffs have complied with both section 514, Tariff Act of 1930, and the Tariff Schedules Technical Amendments Act of 1965, PL 89–241, T.D. 56511, and that said merchandise consists of parts of speed changers, which are variable ratio speed changers, each ratio of which is selected by manual manipulation. Therefore, the claim in the protest that said merchandise is properly dutiable at the rate of 9 per centum ad valorem under the provisions of the Tariff Schedules of the United States, as amended by section 51 of said PL 89–241, and as redesignated by the Automotive Products Act of 1965, PL 89–283, under item 680.45, is sustained.

Judgment will be entered accordingly.